## Case No. 4,243.

### EARL v. RAYMOND et al.

[4 McLean, 233.][1]

Circuit Court, D. Michigan. June Term, 1847.

Mr. Clark, for plaintiff.

Mr. Douglass, for defendant.

OPINION OF THE COURT. This is an action of assumpsit against the defendants, as partners, and makers of a promissory note for $1067 48. There are two counts in the declaration, one upon a note, the other upon an account stated. One of the defendants, Samuel A. Raymond, pleads in abatement, "that before the filing and service of the said declaration upon him, to wit, in the term of October, in the year one thousand eight hundred and forty six, to wit, on the eighth day of January, 1847, in the circuit court for the county of Berrien, in the state of Michigan, the said plaintiff impleaded the said defendants, Samuel and William A. Raymond, and exhibited his declaration against them in a certain plea of trespass on the case upon the very same identical promises and.

---

[1] [Reported by Hubert A. Banning, Esq., and Henry Arden, Esq., and here reprinted by permission.]

[1] [Reported by Hon. John McLean, Circuit. Justice.]

undertaking as in the declaration in the present suit, etc., and said suit is still pending, etc., in said court. To this plea the plaintiff demurs.

The courts of the United States have uniformly held, under the constitution and acts of congress, the judgments of the state courts as domestic judgments, and consequently, as purporting upon their face absolute verity. In this respect the same effect is given to them, or should be given to them, in every other state as in the one where the judgment was rendered. It is true, an execution can not be issued on the judgment of a sister state, but in every other respect the effect is the same. When a court is called to act on a judgment in the state where it was originally entered, or in any other state, it will see if the court had jurisdiction of the matter, and also, whether due notice was given to the party against whom judgment was rendered. Different views were entertained by some of the state courts, and especially by those of New York, but for some years past, the decisions of the supreme court of the United States, in this respect, have been generally followed by the state courts. That the pendency of a former suit, in a court having jurisdiction of the same, may be pleaded in abatement, is a principle well established. It is so held, to prevent a multiplicity of suits being brought for the same cause. To tolerate the pendency of several suits, at the same time, for the same cause, would be a reproach to the administration of justice. Courts of justice were instituted to afford speedy and effectual remedies for the redress of wrongs, and not to afford a litigious person the means of oppression.

The recovery of a judgment for the same cause of action in the state court, closes the controversy, and merges in the judgment the cause of action. And in this respect, the same doctrine is held in the courts of the United States, in regard to the judgment of a state court, as a judgment given by a court of the United States. The courts of the United States are not foreign to the states. They administer the laws of the state, following the established construction of its statutes by its own courts. And, if this effect be given to the judgment of a state court, it would follow, that the pendency of a suit, in such court, may be pleaded in an action for the same cause, in the courts of the United States. There is no other mode by which a conflict of jurisdiction can be avoided. It may be laid down as a general rule of action for the federal and state courts, that which ever shall first take jurisdiction of a case, the jurisdiction of the other may be defeated by a plea in abatement. And to avoid a conflict between the ministerial officers of the federal and state courts, the officer who first levies his execution, is entitled to a preference, the same as where both executions emanate from a state court or courts. This court takes cognizance of the laws of the state, and they know that the circuit court of Berrien county is a court of general jurisdiction. The decision of the supreme court has removed the objection that the adoption of the revised statutes abrogated the circuit courts of the state.

The demurrer to the plea is sustained.

This decision being announced, a motion was made for judgment against the other defendant, who had suffered a default.

If one of two joint promisers plead infancy or bankruptcy, the action may be prosecuted against the other. But, if the plea of one be to the merits, and the plea is sustained, the other is discharged, because the plea shows that neither can be charged. If the note was given without consideration, or for a consideration forbidden by law, or against the policy of the law, the plea of one would discharge both. In this case the plea filed showed equally a want of jurisdiction, as to both parties. The default confesses the jurisdiction, but the plea shows there can be no jurisdiction; the same as a plea to the merits, that there can be no recovery. 2 Serg. & R. 280; 1 Chit. Pl. 44a; Bing. Judgm. 13 Law Lib. 95, margin; 10 Johns. 573; Woodworth v. Spaffords [Case No. 18,020].

The motion for judgment is overruled.