41  319;
54a  347

# THE TOWN OF HARLEM

*v.*

## WILLIAM P. EMMERT.

1. MISJOINDER OF PARTIES — *when and in what mode taken advantage of.* Advantage should be taken of a misjoinder of parties defendant in an action on the case, by plea in abatement; failing to do that, a verdict cures the defect by force of the statute of amendments and jeofails.

2. NON-LIABILITY OF A PART *of the defendants — when and in what mode taken advantage of.* In an action on the case against a town and the commis-

sioners of highways of such town, for so constructing and maintaining a bridge over a navigable stream as to obstruct the navigation thereof, it was objected, on error, that the commissioners were not liable for the acts of the town, but the objection came too late. It should have been taken by plea in abatement.

3. TOWNS — BRIDGES — *duty of towns to build bridges.* Under the township organization law, it is the duty of a town to build bridges over streams within its limits.

4. BRIDGES — NAVIGABLE STREAMS — *liability for obstructing.* It being the duty of a town to build a bridge over a stream within its limits, the town must be responsible, if they make such a structure as will obstruct the free navigation of the stream.

5. AN ACTION for a *tort* will lie against a corporation.

APPEAL from the Circuit Court of Stephenson county; the Hon. BENJAMIN R. SHELDON, Judge, presiding.

The case is stated in the opinion of the court.

Messrs. TURNER & CRAIN, for the appellants.

This is an action on the case, to recover damages alleged to have been sustained by reason of defendants having so negligently built and maintained a bridge in the town of Harlem, across the Pecatonica river — claimed to be navigable — that plaintiff could not navigate said river with boats, barges, steamboats, etc. The suit is brought against the town of Harlem, joined with McCool, Miller and Fuller, commissioners of highways of said town.

1. The town of Harlem is a public or *quasi* corporation, possessing but limited powers, and subject to such liabilities only as are expressly imposed by statute. Haines' T. Org. L. (ed. 1865), p. 16; *Commissioners of Highways of Niles* v. *Martin*, 4 Mich. (Gibbs), 558; *Riddle* v. *Proprietors of Locks and Canals on Merrimack River*, 7 Mass. 187; *Morey* v. *Town of Newfane*, 8 Barb. S. C. 645; *Hickok* v. *The Village of Plattsburg*, 15 id. 440.

The principle enunciated by the authorities as to counties applies to towns. *Board of Commissioners of Hamilton County* v. *Mighels*, 7 Ohio, 112; *Schuyler Co.* v. *Madison Co.*, 4 Gilm.

20 ; *Hayes* v. *County of Madison*, 1 id. 567 ; *McKinnon* v. *Penson*, 18 E. L. & E. 599 ; *S. C.*, 25 id. 457 ; *Russell* v. *Men of Devon*, 2 T. R. 667.

Therefore, as an action could not be sustained against the town of Harlem, if sued alone for the acts complained of, there is a misjoinder in suing said town together with the commissioners of highways.

2. The commissioners of highways are officers independent of the town of Harlem — a species of town corporation themselves, over whom the town exercises no control, and is not, therefore, liable for their acts. Haines' T. Org. (ed. 1865), p. 63 ; *Hickok* v. *The Trustees of Plattsburg*, 15 Barb. S. C. 440 ; *Commissioners of Niles* v. *Martin*, 4 Mich. (Gibbs), 564 ; *Town of Gales* v. *Cydel & Rose Plank Co.*, 27 Barb. 551 ; *Town of Fishkill* v. *Fishkill & Beckman P. R. Co.*, 22 id. 646.

Messrs. BAILEY & BRAWLEY, for the appellees.

The cases cited by appellant arose from the *omission*, on the part of the towns, to perform their alleged duty, and are only to the effect that agents of *quasi* corporations are to be prosecuted for a failure to perform their public duties. *Hedges* v. *The County of Madison*, 1 Gilm. 570 ; *Morey* v. *The Town of Newfane*, 8 Barb. S. C. 645 ; *Hickok* v. *The Village of Plattsburg*, 15 id. 440.

The case at bar differs from the cases cited, in that it is brought against the town and its agents in *tort*, for the actual performance of their duty, but in such a manner that the plaintiff has suffered damage thereby. For an omission to perform a duty the punishment would be by presentment, and which would be in behalf of the public ; but when a duty has been performed in such a way that an individual is damaged, of course that individual would have his remedy, and it would be against the party causing the damage, which in this case was the town.

It is submitted, that, under our township organization laws, it is the duty of the towns to build necessary bridges therein, the commissioners of highways being the agents of the town,

having care and superintendence merely thereof. Township Organization Laws (Haines'), art. 17, § 14, title "Bridges," p. 71 (1862); and see § 18, art. 17 of Township Organization Laws, p. 72, on the subject of bridges to be built by adjoining towns, evidently showing that it was the intention of the legislature that bridges should be erected by towns. See § 1 of art. 17, p. 63 of same laws, as to the duty of commissioners of highways. Previous to the township organization system in this State, the burden of maintaining bridges rested upon the counties. *The People ex rel. Hoes* v. *Canal Trustees,* 14 Ill. 403. The town, having undertaken to maintain the bridge, should be held responsible for its complete and perfect execution, and for a failure therein is liable to a private action. *Hickok* v. *The Village of Plattsburg,* 15 Barb. S. C. 443.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was an action on the case, brought in the Stephenson Circuit Court by William P. Emmert, against the town of Harlem and the commissioners of highways of that town, to recover damages against them for so building a bridge across the Pecatonica river, a navigable stream in that town, as to prevent easy and safe navigation thereof.

There was a trial by jury on the plea of not guilty, and a verdict for the plaintiff and damages assessed at fifty dollars. A motion for a new trial was overruled and exception taken, and the cause brought here by appeal.

The points made by appellants are, that the town of Harlem is a *quasi* public corporation, against which no action could be maintained, if sued alone, for the act complained of, and therefore there is a misjoinder in suing the town together with the commissioners of highways; that the commissioners of highways are officers independent of the town — a species of town corporation themselves, over whom the town exercises no control, and is not, therefore, responsible for their acts. The evidence is not sufficient to charge the defendants.

As to the first objection, advantage should have been taken of the misjoinder, if there be one, by plea in abatement. Fail-

ing to do this, the verdict cures the defect by force of the statute of amendments and jeofails. The second objection is of the same nature, and it is now too late to make it.

The cases to which appellants refer are not cases of *tort*, where the charge was for performing a duty so negligently and unskillfully, that damage was occasioned thereby to the plaintiff. Now, if it was the duty of the town of Harlem to build this bridge, and that it was is apparent from the fourteenth section of article seventeen of the township organization law (Haines' Comp. 71), the town must be responsible, if they make such a structure as will obstruct the free navigation of the river. The proof is, this structure was of that character. The town had the means in their control to make a sufficient bridge, by levying a sufficient tax for that purpose. The whole subject was under their control, and they ought to be responsible for the manner in which they have dealt with it.

That an action for a *tort* will lie against a corporation, is fully settled by this court in the case of the *St. Louis, Alton and Chicago R. R. Co.* v. *Dalby*, 19 Ill. 353.

The judgment is affirmed.

*Judgment affirmed.*