## CHARLES W. ALLEN *et al.*

*v.*

## JOHN WATT.

1. PRACTICE—*defendant confined to defense set up in his affidavit of merits.* Where the plaintiff files, with his declaration, an affidavit showing the nature of his demand, and the amount due him, etc., and the defendant, to prevent a judgment by default, files an affidavit of a defense to a certain sum, which the plaintiff confesses, there is no error in rendering judgment in favor of the plaintiff for the balance of his demand, and in refusing a continuance to enable the defendant to interpose a different and new defense to the whole cause of action.

2. SAME—*time for objecting to sending process out of county.* It is too late to object that both defendants did not reside in the county where the suit was brought, after pleading to the merits, as that operates as a waiver of the objection.

3. The rule is general, that all objections to the writ or to the jurisdiction of the person of the defendant must be urged before the filing of a plea in bar, or they will be waived.

4. PENDENCY OF SUIT *in another State no defense to suit in this State.* The mere pendency of a suit against the defendant in another State can not be pleaded in bar or in abatement of an action in this State, even if between the same parties and for the same cause of action.

APPEAL from the Circuit Court of Cook county; the Hon. LAMBERT TREE, Judge, presiding.

Messrs. MOORE & CAULFIELD, for the appellants.

Mr. M. W. ROBINSON, for the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

This was assumpsit, by appellee against appellants, on a special contract. Affidavit was filed with the declaration, showing the nature of the plaintiff's demand, and the amount due him from the defendants, after allowing to the defendants all their just credits, deductions and set-offs.

The defendants pleaded the general issue, and with it they filed an affidavit, stating that they had a good defense to the merits of the suit, to the amount of $42. Subsequently. the plaintiff filed a written admission that the sum of $42. in the defendants' affidavit mentioned, might be deducted from his claim, and moved the court for a judgment for the residue.

The defendants then moved the court for a continuance in the cause, which was supported by the affidavit of their attorney. The affidavit alleges, as cause for a continuance, "that, in the city of Cincinnati, in the county of Hamilton, and State of Ohio, Henry Worthington and Joseph Power have brought their suit against the plaintiff. John Watt, and —— Johnson, for a larger sum than the amount claimed by Watt in this action. and that in said court, in Ohio, these defendants are made defendants, and any sum due and owing by these defendants to Watt is attached, and the said Watt is prevented and prohibited from collecting from them. Therefore, these defendants move the court to continue this cause until the case in Ohio can be tried."

The court overruled the motion, and, after hearing evidence, rendered judgment for the plaintiff for the amount of his claim, as stated in his affidavit, after deducting the defendants' off-set of $42. To this the defendants excepted.

It is argued, that the court erred in overruling the defendants' motion for a continuance, and in rendering judgment for the plaintiff.

The 36th section of the Practice Act, (Laws of 1871, p. 344,) provides: "If the plaintiff in any suit upon a contract,

expressed or implied, for the payment of money, shall file with his declaration an affidavit showing the nature of his demand, and the amount due him from the defendant, after allowing to the defendant all his just credits, deductions and set-offs. if any, he shall be entitled to judgment as in case of default, unless the defendant, or his agent or attorney, if the defendant is a resident of the county in which the suit is brought, shall file with his plea an affidavit, stating that he verily believes he has a good defense to said suit upon the merits, to the whole or a portion of the plaintiff's demand, and, if a portion, specifying the amount (according to the best of his judgment and belief)." We perceive no ambiguity in this language. It is reasonably plain and concise, and it leaves no doubt upon our minds that it was intended by the legislature that the affidavit filed with the plea should disclose, with reasonable certainty, the entire ground of defense relied upon, other than such as is of a dilatory character, which is, by a subsequent proviso, expressly excepted. The affidavit here interposed a set-off to the amount of $42. This was allowed. If the affidavit was true, this was all the defense there was to the suit, for, although it is not expressly said that this is all the defense the defendants have, such is the necessary implication. Having, in the affidavit, alleged one defense, which has been confessed, it is not competent to set up an additional defense not included in the affidavit. The defendants having been allowed all that they claimed, the judgment does them no injury.

But, even if the defendants had been entitled to set up a defense other and different than that stated in their affidavit, their motion for a continuance was properly overruled, for. if the record of the suit pending in Ohio had been present. it would not, as it is described in the affidavit for continuance, have been competent evidence in the case. It is not shown to have been the same cause of action, or between the same parties, as in this case, nor is it shown that the suit is terminated.

It is well settled by the authorities, that the mere pendency of a suit in one State can not be pleaded in bar or abatement of a second action in another State, even between the same parties, and for the same cause of action.  *McJilton* v. *Love,* 13 Ill. 486.

It is finally objected, that it does not appear that both of the defendants reside in the county in which the suit was brought, and that the judgment is therefore erroneous.  This objection is urged for the first time in this court.  No attempt was made to urge it by plea in abatement, or otherwise, in the court below.   Without undertaking to say what the objection would have availed had it been urged in apt time, it is sufficient to say, that it comes too late after a plea in bar and affidavit of merits have been filed.   The filing of a plea in bar operates as a waiver of a plea in abatement previously filed.  *Lindsay* v. *Stout,* 60 Ill. 491.

The rule is general, that all objections to the writ, or to the jurisdiction of the person, must be urged before the filing of a plea in bar, or they will be waived.   *Frink* v. *Flanagan,* 1 Gilm. 35; *Town of Harlem* v. *Emmert,* 41 Ill. 319; *Davis* v. *Taylor,* id. 405; *Mason* v. *Tiffany,* 45 id. 392; *Gilson* v. *Powers,* 16 id. 355.

The judgment of the court below is affirmed.

*Judgment affirmed.*