RADFORD, Assignee, etc., *v.* FOLSOM and others.*

*(Circuit Court, S. D. Iowa, W. D.* November 2, 1882.)

1. PLEADING—ACTION PENDING IN STATE COURT—FOREIGN JURISDICTION.

As the jurisdiction of a United States court cannot properly be considered as foreign in relation to the jurisdiction of a state court within the same territorial limits, an action pending in a state court may be pleaded in abatement of a subsequent action commenced between the same parties in the United States court for the district embraced by such state, for the same subject-matter and the same relief.

2. SAME—FORMER ACTION—PENDENCY OF ACTION IN OTHER STATE.

While an action pending in the courts of one state cannot be pleaded in abatement of an action commenced in the court of another state, even if there be indentity of parties, of subject-matter, and of relief sought, the two jurisdictions being *foreign* to each other, the pendency of a former suit at law or in equity between the same parties, for the same cause and the same relief, in a court of the state in which the second suit has been brought, will be cause of abatement if pleaded in the second suit.

This cause is now before the court upon a plea to the bill interposed by the respondents, which is termed a plea in bar, but which, in effect, is a plea in abatement. The present bill is filed by George W. Radford, assignee in bankruptcy of Frank Folsom, against Jeremiah Folsom in his own right, Jeremiah Folsom, administrator of the estate of Sarah M. Folsom, deceased, and Adele, Florence, and George B. Folsom, minor heirs of said Sarah M. Folsom, who appear by J. B. Blake, their guardian; and in substance the bill avers that complainant is the owner of certain realty in the bill described, and prays that his title thereto may be confirmed and quieted as against the respondents, and that he may have a writ of possession. The plea sets forth that prior to the commencement of this proceeding, to-wit, in the year 1873, Frank Folsom, to whose rights his assignee, George W. Radford, was afterwards substituted, brought an action against

*See 3 FED. REP. 199.

Jeremiah Folsom and Sarah M. Folsom, in the circuit court of Pottawattamie county, Iowa, "for the same matters and to the same effect, and for the like relief and purpose as the now complainant doth by his present bill set forth; in which said action issue was joined, and the same is still depending in said honorable court, and is undisposed of." To this plea the complainant interposes a demurrer, thus presenting the question whether an action pending in the state court of Iowa can be pleaded in abatement of a subsequent action commenced between the same parties in the United States court for the district of Iowa, for the same subject-matter and the same relief.

*Sapp & Lyman,* for complainant.

*Mayne & Reid* and *H. H. Trimble,* for defendants.

SHIRAS, D. J. The doctrine is now well settled that an action pending in a foreign jurisdiction cannot be pleaded in abatement of an action commenced in a domestic forum, even if there be identity of parties, of subject-matter, and of relief sought. *Smith* v. *Lathrop,* 44 Pa. St. 326; *Bowne* v. *Joy,* 9 Johns. 221; *Allen* v. *Watt,* 69 Ill. 655; *Insurance Co.* v. *Brune's Assignee,* 96 U. S. 588; *Stanton* v. *Embrey,* 93 U. S. 548. It is equally well settled that at law the pendency of a former action between the same parties, for the same cause and relief, in a court of the state in which the second action has been brought, will be cause of abatement if pleaded in the second action. *Insurance Co.* v. *Brune's Assignee,* 96 U. S. 588. In equity, the general rule is the same. Story, Eq. Pl. §§ 736–741. In *Insurance Co.* v. *Brune's Assignee,* 96 U. S. 588, it is held that "the rule in equity is analogous to the rule at law," and the statements of Lord Hardwicke in *Foster* v. *Vassall,* 3 Atk. 587, is quoted approvingly, to-wit, that "the general rule of courts of equity with regard to pleas is the same as in courts of law, but exercised with a more liberal discretion."

The case of *Insurance Co.* v. *Brune's Assignee* further states the rule to be that "a bill in equity pending in a foreign jurisdiction has no effect upon an action at law for the same cause in a domestic forum, even when pleaded in abatement;" and further, "it has no effect when pleaded to another bill in equity;" that is to say, a bill pending in a foreign forum will not, if pleaded, abate a bill pending in a domestic forum.

The reasons usually assigned in support of this doctrine are that the court of the one state or country cannot judicially know whether the rights of the plaintiff are fully recognized or protected in such

foreign state or country, nor whether the plaintiff can enforce to full satisfaction any judgment he may obtain in the foreign tribunal; and further, that a court will not compel a plaintiff to seek his remedy in a foreign forum; or, as it is said by the supreme court of Connecticut in *Hatch* v. *Spofford*, 22 Conn. 485: "That country is undutiful and unfaithful to its citizens which sends them out of its jurisdiction to seek justice elsewhere." None of these cases, however, meet the exact point presented by the plea interposed in the case now under consideration; for in all of them it will be found that the proceedings were pending in the courts of different states or circuits, whereas in this case the two proceedings are pending within the same state, but the one in the state and the other in the federal court. We do not find that this question has ever been finally settled by the supreme court of the United States, nor by the circuit court for this circuit.

In the case of *Brooks* v. *Mills Co.* 4 Dill. 524, is found a full and able discussion of the question in the opinion of Judge Love, both upon principle and authority, with a review of the decision of Mr. Justice Clifford in *Loring* v. *Marsh*, 2 Cliff. 322; and the evils resulting from permitting parties to litigate the same subject-matter in two courts exercising judicial power within the same territorial limits, are very clearly and forcibly shown; and the conclusion is reached that "it would seem most rational and just that a plea in abatement should be allowed in order to avert consequences so mischievous." The judgment of the court, however, in that cause was placed upon another ground; the plea in abatement being overruled for the reason that it appeared upon the face of the plea that the parties to the suit in the state court were not the same as the parties to the bill in the United States court, and the question now before the court, though discussed, was not authoritatively determined. To the report of this cause in 4 Dill. is attached a full note by the learned reporter, citing the leading cases on the general question; and it is therein stated that "it is clear that the foregoing cases do not go to the length of holding that the pendency of a prior suit in a state court is not a valid plea in abatement to a suit for the same cause, and between the same parties to an action, in a United States court sitting in the same state;" and the reporter further states that Mr. Justice Miller, in a case in the Minnesota circuit, "intimated his inclination to the opinion that where the parties are identical, and the scope of the subject-matter equally so, the pendency of a prior suit in the state court, within the territorial limits of the district where the second suit is brought in

the federal court, may be properly pleaded in abatement, or, at all events, will operate to suspend the action in the latter;" but, as we understand the statement of the reporter, this was not decided or ruled in the cause, so that, as already stated, the question remains an open one. As authorities bearing upon the question more or less directly, see *Earl* v. *Raymond*, 4 McLean, 233; *U. S.* v. *Dewey*, 6 Biss. 502; *Lawrence* v. *Remington*, Id. 44; *Smith* v. *Atlantic F. Ins. Co.* 22 N. H. 21.

In this condition of the authorities, what is the conclusion that should be reached from a consideration of the reasons upon which is based the doctrine that under certain circumstances the pendency of a prior action may be pleaded in abatement of an action commenced in the courts of the same state? The reason for the rule that the pendency of a former action may be pleaded in abatement of a second action, is, that if the complaining party has already an action pending in which he can obtain full relief, there is no justification for harassing the defendant by a second action for the same subject-matter. If it should appear, however, that in the second action the plaintiff can avail himself of some legal or equitable advantage, not open to him in the first action, then a legal reason is shown for the bringing of the second action, and the pendency of the one would not ordinarily abate the other. This is the reason why, as a rule, the pendency of an action at law cannot be successfully pleaded in abatement of a suit in equity.

As is said in Story, Eq. Pl. § 742: "It can scarcely ever occur that the remedial justice and the grounds of relief are precisely the same in each court, for if the remedy be complete at law, that is an objection to the jurisdiction of a court of equity."

In the well-considered opinion of the supreme court of Connecticut in *Hatch* v. *Spofford, supra,* it is stated in substance, that while the pendency of a prior suit of the same character, between the same parties, brought to obtain the same end, is at the common law good cause of abatement, yet the rule is not one of unbending rigor nor of universal application, nor a principle of absolute law, but rather a rule of justice and equity, and that a second suit is not, as a matter of course, to be abated as vexatious, but all the attending circumstances are to be carefully considered, and the true inquiry is, what is the aim and purpose of the plaintiff in the institution of the second action,—is it fair and just, or is it oppressive?

If it appears that the former proceeding, whether at law or in equity, is pending in a foreign state or country, and in this respect

the states of the Union are foreign to each other, this fact in itself determines the question adversely to the plea in abatement.

If it appears that the two actions are pending within the same state, and are both at law or both in equity, and are identical in parties, subject-matter, and relief sought, then no necessity appears for the institution of the second proceeding, in which event it would clearly be oppressive upon the defendant, subjecting him to unnecessary costs, and in such case the pendency of the first should abate the second proceeding.

On the other hand, if the two proceedings are pending in the same state, between the same parties, and concerning the same subject-matter, yet the relief sought is different, as in cases of an action at law and suit in equity, when the pendency of the one should not ordinarily operate to abate the other; for the difference in the relief obtainable in the two jurisdictions constitutes a sufficient legal reason for the maintenance of both proceedings.

But it is urged that while the second of the rules as above given may be applicable to cases pending in courts of the same state, yet it is inapplicable when one case is pending in the state and the other in the federal courts for the same state, the argument being that the two jurisdictions are foreign to each other, and hence that the pendency of a suit in the one court cannot be pleaded in abatement of a suit in the other. It is true that the state and federal tribunals owe their origin to different sources, but when created and brought into action within the same territorial limits, can it be fairly said that there are two states or jurisdictions co-existing within the same limits, and yet foreign to each other, in the sense that Iowa is foreign to New York? The same statutory and common law is enforced by both tribunals, and it cannot be said that if a party is relegated to the state court for the enforcement of his rights, that he is thereby sent into a foreign state or country, whose laws and modes of proceeding are unknown or unfamiliar.

As we have already shown, the main purpose of the rule allowing the pendency of one action to be pleaded, under given circumstances, in abatement of a second, is to prevent a defendant from being unnecessarily harassed, and subjected to additional costs by two proceedings when one will fully protect all the rights of the plaintiff. Now, it is apparent that the cost and vexation caused to the defendant by the institution of the second suit is, to say the least, not lessened by the fact that it is brought in the federal while the first is pending in the state tribunal. The evil to be remedied is not obviated by the

fact that the two proceedings are pending in tribunals owing their origin, the one to the state, the other to the federal government, yet acting within the same territorial limits.

If it appears that the two proceedings, being between the same parties, and for the enforcement or protection of the same rights, will result in the granting of the same remedy, operative within the same territorial limits, then it would seem clear that the second is not needed to protect or enforce the plaintiff's rights, and as the defend-.ant must of necessity be put to additional trouble and expense in defending the second action, it follows that he is thereby vexatiously harassed, and in such case he should be enabled to protect himself by causing the abatement of the second action. It is the duty alike of the state and the United States court to protect a defendant from unnecessary and vexatious litigation. If the first action is brought in the state and the second in the federal tribunal, or *vice versa*, it is the bringing of the second action that constitutes the oppressive and unnecessary act on part of plaintiff, and the corrective should be applied in the court whose jurisdiction is invoked oppressively and wrongfully. Again, the fact that the one action is pending in the state and the second in the federal court, instead of being a reason why the second should not be abated, is, on the contrary, a weighty argument for just the opposite conclusion; for if the two proceedings are allowed to proceed at the same time, there may arise all the difficulties from a conflict between the two jurisdictions, acting within the same state, which are so fully presented in the opinion in the case of *Brooks* v. *Mills Co.*, already cited.

Applying these principles to the case before the court, it follows that the demurrer to the plea must be overruled, for the demurrer admits the allegation of the plea that the former suit pending in the state court is for the same subject-matter, and to the same effect, and for the like relief and purpose, that is contemplated in the second proceeding; and if that be true, then in the absence of any showing justifying the institution of the second suit, as being needed for the full protection of complainant's rights, it would necessarily follow that the second suit was uncalled for, and therefore vexatious.

In the argument of the demurrer, it was urged that the second suit was necessary for the enforcement of plaintiff's rights, for the reason that the supreme court of the state had decided in the first proceeding that the suit was prematurely brought, and hence should be dismissed. The effect of such fact cannot be considered on the demurrer, as it is not presented by the record, and the complainant,

if he desires to urge the same as a reason justifying the bringing of the second suit, must bring the same to the knowledge of the court in the further progress of the cause.

McCRARY, C. J., and LOVE, D. J., concur.