THOMASSON et al. v. GUARANTY TRUST CO. OF NEW YORK et al.

(Circuit Court of Appeals, Seventh Circuit. November 18, 1908. Rehearing Denied January 15, 1908.)

No. 1,403.

CORPORATIONS—SUIT AGAINST CORPORATION—RIGHT OF STOCKHOLDER TO INTERVENE.

Where a corporation defendant in a suit in equity is represented by counsel employed by its directors, and also by a committee of stockholders appointed for the purpose under leave of court for intervention, an individual stockholder cannot intervene as matter of right, at least without showing bad faith on the part of those by whom his interests are represented, or a demand and refusal to take such action as he desires.

Appeal from the Circuit Court of the United States for the Eastern Division of the Northern District of Illinois.

Charles H. Aldrich, for appellants.

Wm. J. Calhoun and W. W. Gurley, for appellees.

Before BAKER, SEAMAN, and KOHLSAAT, Circuit Judges.

PER CURIAM. The appellants were petitioners before the Circuit Court, for leave to intervene, as stockholders of West Chicago Street Railroad Company and on behalf of other stockholders thereof, in the long-pending litigation entitled Guaranty Trust Company of New York v. West Chicago Street Railroad Company et al., 158 Fed. 913, 923, 1015, and this appeal is from an order which overrules their motion and denies the leave sought. Conceding the well-settled general rule that such applications are addressed to the discretion of the court, and denial of leave to intervene is not such final order or decree as required by statute for review upon appeal, the appellants contend that the averments of their petition clearly state a case within the recognized exceptions from this rule. The propositions relied upon to authorize review are substantially these: (1) That the interests of the stockholders are unrepresented in the proceedings, although threatened with destruction or loss, and can only be defended and preserved through this intervention; (2) that the petition shows a fund in court, derived from net earnings, wherein the stockholders have a direct interest, as creditors of the fund, and an absolute right to intervene. The correctness of either proposition must be tested by the facts averred and appearing of record, in the light of the presumptions which must be overborne to establish the case within the exceptions referred to.

1. Upon the first contention, the record discloses and the petition recognizes, not only the presence of the stockholders' corporation as a party defendant, and proceedings on its behalf by the directors and their counsel, but active proceedings on behalf of the stockholders and for their protection, through a so-called "protective committee" appointed by the stockholders, under leave of the court for intervention. With such facts appearing, other individual stockholders cannot intervene, as of right under the well-settled rules of equity, without at least requesting action by such representatives, together with clear averments of fact which tend to impeach their conduct. It is true that the petition states that the appellants applied to the president of the corporation to ascertain what steps were intended "to resist the allowance of a decree," and that he replied that the "amended and supplementary bill was a friendly litigation" and no opposition was intended, but states no request to proceed otherwise. There are no averments, however, either explaining the proceedings on behalf of the stockholders by the "protective committee" and special counsel employed by them, or tending to show that such committee were neglecting the interests of stockholders. No presumption arises in favor of the pleader thereupon, and we are of opinion that the petition fails to support the contention.

2. The proposition of a fund in court applicable for payment to stockholders, as creditors of the fund, is not raised by the averments

of the petition, under the terms of the alleged amendatory lease. Laying aside the controversy upon the argument whether an accumulation of net earnings appeared, under the facts of record, the petition fails to aver, in express and distinct terms, the occurrence of the condition of fact upon which such accumulation was made payable to the stockholders under the terms of the amended lease; and the administrative orders of court mentioned as adjudication of such right are, as we believe, neither applicable to the amended lease, nor to the claim here asserted.

The appeal must be dismissed for want of reviewable subject-matter, and it is so dismissed.