### ACME WHITE LEAD & COLOR WORKS v. REPUBLIC MOTOR TRUCK CO., Inc.

#### Petition of POLLASKY.

(District Court, E. D. Michigan. S. D.  November 18, 1922.)

#### No. 493.

1. **Corporations** ⬤⟹558—Stockholder not entitled to appointment as coreceiver of corporation.

    A stockholder of a corporation for which a receiver has been appointed is not entitled to his own appointment as coreceiver, and such appointment will not be made where the receiver previously appointed is disinterested and competent.

2. **Courts** ⬤⟹343—Intervention by stockholder in creditors' suit against corporation.

    A stockholder will not be granted leave to intervene in a creditors' suit against the corporation, in which a receiver has been appointed, who is properly administering the property, unless reasonable necessity therefor is shown, as required by equity rule 27 (198 Fed. xxv, 115 C. C. A. xxv).

In Equity.  Bill of complaint by the Acme White Lead & Color Works against the Republic Motor Truck Company, Inc.  On petition of Marcus Pollasky for leave to intervene.  Denied.

Van Dyke O'Brien & Wheat, of Detroit, Mich., for plaintiff.

Weadock & Weadock, of Saginaw, Mich., for defendant.

Stevenson, Carpenter, Butzel & Backus, of Detroit, Mich., for receiver.

Henry E. Bodman, of Detroit, Mich., for intervening petitioner.

Frederick R. Austin, of Detroit, Mich., for petitioner.

TUTTLE, District Judge.  This petitioner alleges that he is the "possessor" of certain stock in the defendant corporation, and asks that he be permitted to intervene in this suit and be made a receiver herein, to serve jointly with the receiver already appointed, and be permitted to submit a plan to finance the defendant corporation to such an extent that present creditors may be paid and the receivership terminated.

The bill of complaint in this suit was filed by the plaintiff, who is a creditor, on behalf of the plaintiff and all other creditors of the defendant.  The defendant answered, admitting all of the allegations of the bill, and consenting to the appointment of a receiver.  Thereupon

⬤⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the court, on September 28, 1922, appointed the Security Trust Company of Detroit, Mich., in this district, as such receiver. The receivership was subsequently extended to the assets of the defendant corporation alleged to be covered by a certain mortgage, sought to be foreclosed in this court. The receiver is disinterested, competent, and responsible.

[1] This court does not favor the appointment of more than one receiver, and for many years has not deviated from that policy in any one suit. No reason is apparent for varying this satisfactory practice in this suit. The petitioner is privileged to submit, as an individual, to the receiver any plan which he may have in mind for the purpose of properly financing the defendant corporation, or of satisfactorily terminating the receivership, and it is not necessary, in order that he may do so, that he be appointed a receiver herein, or be permitted to intervene as a party to this cause.

[2] Under equity rule 37 (198 Fed. xxviii, 115 C. C. A. xxviii) the power of the court to permit a party claiming an interest in the litigation pending in a cause to intervene therein is discretionary. Where, however, as in the present case, it does not appear that the petitioner has a real, legal interest in the subject-matter of the suit, nor that the receiver of this court, which is in possession of all of the property of the corporation involved, is improperly administering it, nor that petitioner, if claiming rights as a stockholder in said corporation, has unsuccessfully tried to obtain from the corporate officers and directors such relief as he desires, as required by equity rule 27 (198 Fed. xxv, 115 C. C. A. xxv), nor that it is necessary for him to intervene in this suit in order to secure the relief to which he is entitled, his petition for leave to so intervene should be denied. Land Title & Trust Co. v. Asphalt Co., 127 Fed. 1, 62 C. C. A. 23 (C. C. A. 3); Thomasson v. Guaranty Trust Co. of New York, 159 Fed. 126, 86 C. C. A. 514 (C. C. A. 7); Pennsylvania Steel Co. v. New York City Railway Co. (C. C.) 181 Fed. 285; Continental & Commercial Trust & Savings Bank v. Allis-Chalmers Co. (D. C.) 200 Fed. 600.

An order will be entered accordingly.