### ACME WHITE LEAD & COLOR WORKS v. REPUBLIC MOTOR TRUCK CO., Inc.

(District Court, E. D. Michigan, S. D. December 2, 1922.)

No. 493.

Creditors' suit &⟶28—Unnecessary intervention not allowed.

    In a creditors' suit in which a receiver has been appointed, notice given to all creditors to present their claims, with reference to a special master, with authority to take testimony and to determine all claims to priority, subject to action of the court, leave to intervene as a party will not be granted to a creditor, whose rights, as alleged in his petition, are fully provided for and protected by such general orders.

In Equity. Suit by the Acme White Lead & Color Works against the Republic Motor Truck Company, Inc. On petition by the Firestone Tire & Rubber Company for leave to intervene. Denied.

See, also, 284 Fed. 580.

Van Dyke, O'Brien & Wheat, of Detroit, Mich., for plaintiff.

Weadock & Weadock, of Saginaw, Mich., for defendant.

Stevenson, Carpenter, Butzel & Backus, of Detroit, Mich., for receiver.

---

&⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes.

Henry E. Bodman, of Detroit, Mich., for mortgage plaintiff.

Lucking, Helfman, Lucking & Hanlon, of Detroit, Mich., for creditor Firestone Tire & Rubber Co.

TUTTLE, District Judge. This is a petition filed by the Firestone Tire & Rubber Company, one of the creditors of the defendant, Republic Motor Truck Company, Inc., for leave to file an intervening petition in this cause. The suit is a typical receivership proceeding in equity commenced by a creditor of the defendant corporation, on its own behalf and on behalf of all other creditors who might thereafter join in the prosecution of the suit, alleging the solvency of the defendant; but its present inability to pay its indebtedness by reason of its difficulty in obtaining ready cash for the immediate payment of its debts to its creditors, of whom it is alleged that there are more than 200.

The bill contains the usual allegations of such a bill, relative to the threatening attitude of the creditors, the danger of the dissipation of the assets of the defendant, with the consequent loss of its value as a going concern, if such creditors be permitted to obtain judgments and executions in the usual course in actions at law, and the necessity, in the interest of all creditors, of a prevention of this imminent, wasteful strife and controversy by the appointment of a receiver of the assets of the defendant for the preservation of such assets for the ultimate benefit of creditors, free from the injurious effects of attachments and executions with their resultant interruption of the business of the defendant and damage to the plaintiff and other creditors. It is further alleged that merchandise creditors holding claims in the amount of $600,000 assert priority over the general creditors of the defendant by reason of certain agreements between the defendant and its creditors, and that the rights of the respective classes of creditors can only be properly determined by a marshaling of the assets of the defendant, and an adjudication of the rights of such claimants by a court of equity.

The bill contains also other usual and appropriate averments characteristic of such a bill. The Security Trust Company of Detroit has been appointed receiver, and is in possession of the assets which it is conserving for the benefit of all interested parties in accordance with their respective rights, as the same may be asserted, considered and determined, at the proper stage in the proceedings.

On September 28, 1922, an order was entered herein appointing the standing master of this court a special master in this cause, for the purpose, among other things, "to receive and take cognizance of all petitions for intervention, to fully examine the same and the reasons therefor, and to report his findings to this court with his recommendations thereon." The master was also directed by said order "to hear and consider all claims against said receivership estate and to take all testimony thereon and report the same with his findings to this court."

On November 8, 1922, an order was entered requiring creditors to file their claims on or before January 2, 1923, showing any priority

claimed, and the basis thereof, and directing the receiver to give notice to all creditors as prescribed in said order. On November 23, the petition under consideration was filed. This petition alleges that certain creditors, including petitioner, agreed among themselves, prior to the commencement of the present suit, that the indebtedness accruing to said petitioner from the defendant after the time of the making of such agreement should have priority over the indebtedness of said defendant to such other creditors, in the event of the liquidation of the said defendant. Petitioner avers that thereafter a claim accrued to it against said defendant on indebtedness incurred by the defendant for which petitioner has not received any security, but which it alleges has priority over the claims of the other creditors who were parties to the agreement referred to, in accordance with the terms of said agreement. Petitioner prays that its said claim may be allowed against the defendant, and may, in the liquidation of the latter, be paid prior to the payment of any of the other claims just mentioned, except as otherwise provided in the agreement referred to. Petitioner further prays that its general claim representing indebtedness of the said defendant to it, accruing prior to the time of said agreement, may be allowed as a general claim against the defendant, subject to the prior payment of the indebtedness thereof incurred subsequent, and pursuant to the agreement in question. No other allegations nor prayers for relief are contained in the petition.

It thus appears that the only reason or purpose for which leave to intervene is sought by the petitioner is the presentation of its claims against the defendant in this cause, for allowance by the court as preferred and unpreferred, respectively. It also appears that this court had, prior to the filing of this petition, made provision for the filing of all claims of creditors interested in the assets in the possession of the court through its receiver, and for the hearing and consideration of such claims by a master, in accordance with the well-settled practice in such cases, subject to review by this court. In compliance with the order of the court full notices had been sent by the receiver to creditors, that they were expected and required to file proof of claim, printed and blank forms of which were enclosed with such notices, sufficiently definite to advise the court as to the amount, consideration, security (if any), and preference or priority claimed (if any), and the basis of any claim to such preference or priority. Indeed, such printed blank contained a special clause referring to the creditors' agreement, referred to by petitioner, and a space was provided in which any claim to priority under said agreement should be indicated by the creditor to whom that blank was sent. It is clear that petitioner, as well as all other creditors of the defendant will be afforded ample opportunity to present such evidence and arguments in support of their own claims, and in opposition to claims of others, as may be desired by them, respectively, in the regular, usual, orderly mode of procedure recognized and adopted by this and other federal courts in proceedings such as the present suit.

Petitioner has not shown nor alleged that it is necessary for it to intervene as a party to this cause in order to obtain any of the relief

to which it is or may be entitled. On the other hand, if it be permitted to intervene the same privilege cannot well be withheld from any of the several hundred other creditors interested in the subject-matter of this cause. It is apparent that the presence, as parties to this suit, of all of these creditors, each seeking merely the allowance and adjudication as to priority of his own individual claim, would seriously embarrass and interfere with the orderly progress of the proceedings, without any corresponding benefit to such creditors which would require or warrant such a departure from the usual practice in such proceedings. All of the creditors, including petitioner, are represented by the receiver, whose ability, or character, or impartiality, or fitness to faithfully and properly protect the rights of petitioner and other creditors is not denied by petitioner. No sale of any of the assets of the defendant has taken place or been ordered, and no liquidation has occurred. Neither the occasion nor the proper time for the allowance of claims, the determination of questions concerning priority, nor the marshaling of the assets of the defendant has yet arrived.

No reason is advanced, and none is known to this court, why the petitioner should not observe the procedure uniformly followed and adopted by this court in the present case, and file its claim with the receiver, and present its evidence and arguments in support of its contentions in regard thereto, to the master at the proper time. Dickerman v. Northern Trust Co., 176 U. S. 181, 20 Sup. Ct. 311, 44 L. Ed. 423; Credits Commutation Co. v. United States, 177 U. S. 311, 20 Sup. Ct. 636, 44 L. Ed. 782; New Orleans v. Werner, 180 U. S. 199, 21 Sup. Ct. 353, 45 L. Ed. 493; Toler v. East Tennessee, Virginia & Georgia Railway Co. (C. C.) 67 Fed. 168; Toledo, St. Louis & Kansas City Railroad Co. v. Central Trust Co., 95 Fed. 497, 36 C. C. A. 155 (C. C. A. 6); Land Title & Trust Co. v. National Asphalt Co., 127 Fed. 1, 62 C. C. A. 23 (C. C. A. 3); Mercantile Trust Co. v. United States Shipbuilding Co. (C. C.) 130 Fed. 725; Thomasson v. Guaranty Trust Co., 159 Fed. 126, 86 C. C. A. 514 (C. C. A. 7); Central Trust Co. v. Cincinnati, Hamilton & Dayton Railway Co. (C. C.) 169 Fed. 466.

The grounds on which petitioner seeks leave to file its intervening petition are plainly without merit, and such relief must be denied. An order to that effect will be entered.