SCHOLEFIELD et al., Respondents, *v.* MERRILL MOR-
TUARIES, INC., Defendant; SHOEMAKER, Appel-
LANT.

(No. 7,069.)

(Submitted November 28, 1932. Decided December 28, 1932.)

[17 Pac. (2d) 1081.]

194

*Mr. Howard A. Johnson* and *Messrs. Hall & McCabe,* for Appellant, submitted an original and a reply brief; *Mr. H. C. Hall* argued the cause orally.

Messrs. *Murch & Wuerthner,* for Respondents, submitted a brief; *Mr. Clarence W. Murch* argued the cause orally.

MR. JUSTICE MATTHEWS delivered the opinion of the court.

Appeal by Ezra Shoemaker, intervener, from an order refusing to vacate an order appointing a receiver, which order was made in an action by J. D. Scholefield, Lynn E. Baxter and Seymour Wells, as copartners doing business under the firm name and style of Scholefield, Baxter & Wells, against Merrill Mortuaries, Inc., a corporation.

The complaint filed alleges as plaintiffs' cause of action that the Merrill Mortuaries is indebted to them in the sum of $300 on an open account, and that the defendant corporation was organized under the laws of the state of Utah and is operating mortuaries in Utah, Oregon, Washington and Montana, and owns mortuaries and property in Great Falls, Butte, Missoula, Livingston, Anaconda and Phillipsburg, Montana. It is then alleged that all of the tangible assets of the defendant are mortgaged and that the "present market value" thereof is not sufficient "to pay the amount due on said mortgages, current and other indebtedness owing by the defendant," that a multiplicity of suits by creditors is threatened, which would destroy the principal value of the business, to-wit: its

goodwill, resulting in great losses to stockholders, certificate holders and creditors, including these plaintiffs.

Further it is alleged that the defendant has sold about $250,000 worth of "service certificates" in the states mentioned, which certificates entitle holders to services in the line of defendant's business, and by reason of the patronage and goodwill of such holders and their friends, the defendant has built up a large business from which it has realized and enjoyed large profits, but that the funeral directors association of this state has by devious and unfair means sought, and still seeks, to destroy this business, and thereby it has been greatly depreciated in value; that suits have been instituted and innumerable others are threatened, and this multiplicity of suits will utterly destroy the business and render the property of the defendant valueless.

Plaintiffs then allege that they look to the property of the defendant in this state and elsewhere as a trust fund for the satisfaction of their claim, and that, if the defendant can be protected from threatened suits and "scandalous propaganda," the defendant will be able to build up its business, restore its goodwill, save the investment of its stockholders and pay its creditors in full; that in order to do so, it is necessary that the court appoint a receiver to take charge and manage the business and that, in September, 1932, at the instance of these plaintiffs in a like suit the district court of Salt Lake county, Utah, appointed a receiver for the defendant's business in that state. It is alleged that one Robb R. Williams, of Great Falls, is a proper person to be appointed, and that there is immediate danger that agents of the defendant will remove certain valuable assets and property from the state unless "an ancillary receiver be appointed *pendente lite* and without notice." This complaint is verified, as of his own knowledge, by one of the attorneys for the plaintiff copartnership.

On the day the complaint was filed the court, without notice, made the appointment as requested, and in its order declared that there is immediate danger of *all of the property* of the defendant, within the state of Montana, "being lost, materially

injured, destroyed or unlawfully disposed of and that the delay resulting from giving notice would defeat the very rights which the plaintiff seeks to protect and imperil the property involved in this action.''

Six days later Ezra Shoemaker asked leave of court to intervene in the action on the ground that, as a stockholder in the corporation, he has an interest in the subject of the litigation as against both parties to the action; he tendered his complaint with his petition. The motion was granted and the complaint in intervention filed. The complaint alleges that Shoemaker files the same on behalf of himself and ''all other stockholders of said Merrill Mortuaries, Inc., for the reason'' that the officers and directors of the corporation named therein are responsible for, and committed, the wrongs enumerated and will not take any action to right them, although, before filing the complaint, the intervener made demand that they do so.

The complaint in intervention is lengthy; it charges that the corporation made misrepresentations to the Investment Commissioner of this state in order to secure the right to come into the state and to sell stock here, and alleges the representations made and the purported facts showing their falsity. It alleges conspiracy to defraud and fraud upon investors in this state in the sale of unauthorized stock and misappropriation of funds received for stock.

It is further alleged that the officers and directors control seventy-five per cent. of the stock and mismanaged the affairs of the corporation to the injury of the stockholders; that the corporation has reported a loss of $13,000 in the state in the year 1931, when in fact it made a large profit, but that the profit was converted by the officers and directors in the manner set out in the complaint in intervention and that, for fraudulent purposes, and without reason, the officers and directors purported to lease all of the property of the corporation in the state to an employee thereof.

It is then alleged that this identical action was commenced in Salt Lake county, Utah, and a receiver was therein ap-

pointed, and then this action was commenced for the same purpose; that these actions are collusive and the corporation, its officers and directors do not intend to resist them; that no indebtedness exists as a basis for the actions and that the allegations upon which the receiver was appointed are "untrue and fictitious; that the corporation is not insolvent; that its assets are worth $500,000 and its liabilities not more than half of such amount," and, unless the stockholders are protected by the court, they will lose their investment and the damage done will be "impossible to calculate."

It is then alleged, in effect, that if the officers and directors, and the receiver appointed in this collusive action, are permitted to continue in control of the corporation, they will permit all of the property to be lost on mortgages and for debts deliberately not paid, to the great and irreparable damage of the stockholders.

The intervener prays that the officers and directors of the corporation and all other persons necessary to a full determination of the action be brought in as defendants, and that the officers and directors be compelled to make an accounting to the court of the affairs of the corporation, that a decree be entered for the recovery of all sums found due the corporation on such accounting, and that a receiver be appointed by the court to take charge of the property and business pending final disposition of this action.

Thereupon the plaintiff in intervention filed written motion to vacate the order appointing Williams receiver, on the grounds (1) that the court was without jurisdiction to make the appointment; (2) that the complaint does not state facts sufficient to constitute a cause of action, and (3) that the complaint does not state facts sufficient to warrant the appointment of a receiver. This motion "came on regularly for hearing" on October 8, 1932, and thereafter was, by written order, denied. The intervener has appealed from this adverse order.

1. The challenged order is appealable (sec. 9731, Rev. Codes 1921), and the appeal raises the question of the court's authority to appoint the receiver.

2. The original plaintiffs, in support of the order from which this appeal is taken, have little to say as to the sufficiency of their complaint, but make cross-assignments of error on the ground that the court erred in permitting Shoemaker to intervene, as the complaint in intervention does not state sufficient facts to constitute a cause of action and shows on its face that the court had no jurisdiction of the subject matter alleged therein, and, for the same reasons, the court erred in not dismissing the complaint in intervention at the time of the hearing on motion to vacate the order.

There is nothing in the record to indicate that the court's action with reference to the intervention was challenged in any manner or at any time in the district court. However, the question of jurisdiction and that of the sufficiency of the complaint in an action may be raised for the first time in this court (*Oppenheimer* v. *Regan*, 32 Mont. 110, 70 Pac. 695; *Rumping* v. *Rumping*, 36 Mont. 39, 91 Pac. 1057, 12 Ann. Cas. 1090, 12 L. R. A. (n. s.) 1197.) We will, therefore, consider the complaint in intervention in the light of the rule that, where a complaint is attacked for the first time on appeal, it will be held sufficient if the defect made the basis of the objection is not a matter going to the root of the cause of action, but is such as might have been remedied by an amendment. (*Ellinghouse* v. *Ajax Livestock Co.*, 51 Mont. 275, 152 Pac. 481, L. R. A. 1916D, 836; *Munson* v. *Solace*, 66 Mont. 70, 212 Pac. 1103; *Awbery* v. *Schmidt*, 65 Mont. 265, 211 Pac. 346.)

Section 9088, Revised Codes 1921, provides that ''any person may, before the trial, intervene in an action or proceeding who has an interest in the matter in litigation, in the success of either of the parties, or an interest against both.''

It is true, as urged, that the matter in litigation here is merely money alleged to be due the plaintiffs from the defendant (*Lee* v. *Watson*, 68 U. S. (1 Wall.) 337, 17 L. Ed.

557), but herein a receiver was appointed to take charge of all of the property of the defendant in the state, and, as a stockholder in the defendant corporation, the intervener, charging that the action is but a step in the fraudulent attempt of the defendant corporation, acting in collusion with the plaintiffs, to deprive the stockholders of their property, and that no defense will be made by the defendant, has an interest against both parties to the action.

While intervention by stockholders, in receivership matters of corporations, is not favored and should be denied when they have other remedies, it is within the sound discretion of a court to permit such intervention on a proper showing (14A C. J. 965), in order to give the individual stockholder an opportunity to be heard on the application. (*Cumberland Lumber Co.* v. *Clinton Hill Mfg. Co.*, 57 N. J. Eq. 627, 630, 42 Atl. 585.) A showing made to the effect that an action is not being defended in good faith by the officers of the corporation, that the alleged ground for the appointment of a receiver does not exist or that the directors are acting in fraud of the stockholders' rights, is sufficient to invoke the discretion of the court to allow intervention to protect the interest of the intervener and other stockholders from unfounded claims. (6 Thompson on Corporations, 3d ed., 553; *Continental Savings Bank* v. *Allis-Chambers Co.*, 200 Fed. 600; *Investors' Syndicate* v. *North American Coal & Min. Co.*, 31 N. D. 259, 153 N. W. 472; *Thomasson* v. *Guaranty Trust Co.*, 159 Fed. 126, 86 C. C. A. 514.)

The complaint in intervention is sufficient and no abuse of discretion in permitting its filing is shown.

With the question as to whether or not the intervener has made a showing on which he would be entitled to have a receiver appointed, we are not now concerned; it is not before us.

3. The plaintiffs assert that, by alleging the necessity for the appointment of a receiver, the intervener is estopped from objecting to the appointment made. The record does not disclose that any such assertion was made in the district

court; further, the position of the intervener is not that of criticism of the choice of a receiver, but that the court was without power to appoint anyone in the plaintiffs' action upon the grounds by them asserted. There is no estoppel here.

4. Does the plaintiffs' complaint state facts entitling them to the appointment of a receiver?

Receivership is an extraordinary remedy of ancillary character, the chief reason for its allowance being to husband the property in litigation for the benefit of the person who may be ultimately found entitled thereto. (*Lyon* v. *United States F. & G. Co.*, 48 Mont. 591, 140 Pac. 86, Ann. Cas. 1915D, 1036.) The power to appoint should be exercised "sparingly and with extreme caution," and only to prevent manifest wrong immediately impending, or irreparable injury. (*Doggett* v. *Johnson*, 72 Mont. 443, 234 Pac. 252; *Montana Ranches Co.* v. *Dolan*, 53 Mont. 397, 164 Pac. 306; *Masterson* v. *Hubbert*, 54 Mont. 613, 173 Pac. 421.) In order to invoke this extraordinary power there must be an action pending in which the right asserted can be litigated and a judgment rendered, even though the application for the appointment of a receiver is denied (*State ex rel. First Trust & Savings Bank* v. *District Court*, 50 Mont. 259, 146 Pac. 539; *Hartnett* v. *St. Louis M. & M. Co.*, 51 Mont. 395, 153 Pac. 437).

That the action commenced in Utah, noted in the complaint, is identical with the present action, is reasonably deducible from the allegations of the complaint; these plaintiffs had but one claim or cause of action against the defendant corporation, and that merely for the sum of $300 alleged to be due on an open account. That they are identical is alleged in the complaint in intervention. The intervener contends that, as an action is pending in Utah, this action cannot be maintained.

It is true that the pendency of another action forms the basis of a plea in abatement, but by the great weight of authority this is not so where the preceding action is pending in a foreign jurisdiction (*Mexican Ry. Co.* v. *Charman*, (Tex.

Civ. App.) 24 S. W. 958; *Lyman* v. *Brown*, 2 Curt. (U. S.) 559, Fed. Cas. No. 8627; *Radford* v. *Folsom*, 14 Fed. 97, 4 M'cCrary, 527), and in this connection the states of the Union are regarded as foreign to one another. (*Humphries* v. *Dawson*, 38 Ala. 199; *Grider* v. *Apperson & Co.*, 32 Ark. 332; *Hatch* v. *Spofford*, 22 Conn. 485, 58 Am. Dec. 433; *Sloan* v. *McDowell*, 75 N. C. 29; *Chattanooga etc. Ry.* v. *Jackson*, 86 Ga. 676, 13 S. E. 109; *Allen* v. *Watt*, 69 Ill. 655.)

Whether or not the fact that an identical action was commenced and is pending in a foreign state would defeat the application for the appointment of a receiver, we need not now decide; certain it is that, if it later appears that the action has been prosecuted to judgment and the judgment satisfied, this action cannot be litigated thereafter.

Here the plaintiffs are interested in the affairs of the defendant corporation only pending final disposition of their action, or at most, until their judgment, if recovered, is satisfied; they are not entitled to the appointment of a receiver for the protection of stockholders, certificate holders or other creditors, or for the purpose of re-establishing the goodwill of the business and placing it on a paying basis, and all allegations as to the necessity of the action for these purposes are mere surplusage; if entitled to have a receiver appointed at all, it is only for the purpose of conserving sufficient of the property of the corporation to insure the satisfaction of their judgment, if rendered—purely a matter of the appointment of a receiver *pendente lite*.

The primary postulate on which such a receivership is founded is that, in an action involving conflicting rights to the subject matters of the action, the court may on a proper showing appoint a receiver to husband the property for the benefit of the person or party who may be ultimately found entitled to it. (*Brown* v. *Erb-Harper-Rigney Co.*, 48 Mont. 17, 133 Pac. 691.) Here the interest of the defendant, or the rehabilitation of its business, is not the subject matter of the action, but merely the collection of $300 alleged to be due on open account.

The statute providing for the appointment of receivers (sec. 9301, Rev. Codes 1921) has been on the books for many years and as far back as 1894 this court carefully analyzed each of its six subdivisions to determine whether any authority could be found therein for the appointment of a receiver in an action on debt; it declared that no such authority exists under the law of this state, or can be found in the "text or context" of the statute. (*State ex rel. New York Sheep Co.* v. *Eighth Judicial District Court,* 14 Mont. 577, 37 Pac. 969; see, also, *Berryman* v. *Billings Mutual Heating Co.,* 44 Mont. 517, 121 Pac. 280.)

The trial court was without jurisdiction to appoint a receiver and, consequently, the order from which this appeal is taken is reversed and the cause remanded to the district court of Cascade county, with direction to vacate the order.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES ANGSTMAN, FORD and GALEN concur.

Rehearing denied January 19, 1933.