FORSELL, RESPONDENT, *v.* PITTSBURG & MONTANA
COPPER CO., APPELLANT.

(No. 2,927.)

(Submitted December 23, 1910.   Decided January 16, 1911.)

[113 Pac. 479.]

*Corporations—Insolvency—Receivership—In Aid of Execution
—Stockholders.*

Corporations—Insolvency—Receivership.
   1.   That a corporation is insolvent does not alone justify the appointment of a receiver at the suit of a judgment creditor.

Same—Receivership—Grounds.
   2.   A judgment creditor of an insolvent corporation may enforce a liability against stockholders accruing through a failure to comply with the law or to pay for subscribed stock, and it is not necessary to appoint a receiver to enforce it.

Same.
   3.   That a judgment creditor of an insolvent foreign corporation may not, in the courts of a sister state, enforce the liability against stockholders accruing through a failure to comply with the law or to pay for subscribed stock must be pleaded, to be available as a ground for the appointment of a receiver of the corporation at the suit of the creditor.

Same.
   4.   Where one obtaining in the district court of the state a judgment against a foreign corporation doing business in the state was unable to obtain satisfaction of the judgment by execution against the corporation, whose property was in the hands of nonresidents, he could go into the courts of a sister state and enforce his rights, so that it was not necessary to appoint a receiver of the corporation for that purpose.

Same.
   5.   That a sale of the assets of a foreign corporation located in Montana, by order of a court in a sister state, was void did not require the appointment of a receiver at the suit of a judgment creditor of the corporation; the property not being in danger of being wasted and the purchaser not being insolvent.

Receivers—Appointment—Grounds.
   6.   Revised Codes, section 6698, providing for the appointment of a receiver after judgment to carry the judgment into effect, does not authorize the appointment of a receiver when a money judgment has been recovered in a simple action at law, as the creditor can himself take the necessary steps to enforce the judgment.

Execution—Appointment of Receiver—Grounds.
   7.   Revised Codes, section 6698, providing for the appointment of a receiver in proceedings in aid of execution, when an execution has been returned unsatisfied, does not authorize the appointment of a receiver, where no proceedings in aid of execution have been had and no property has been discovered of which a receiver can take possession.

*Appeal from District Court, Silver Bow County; John B.
McClernan, Judge.*

ACTION by Alfred Forsell against the Pittsburg & Montana Copper Company. From orders appointing a receiver of defendant and defining his duties, defendant appeals. Reversed.

*Messrs. Kremer, Sanders & Kremer* submitted a brief in behalf of Appellant. *Mr. Louis P. Sanders* argued the cause orally.

Receivers are not appointed where the judgment debtor has no property, and it is noteworthy that the defendant is not charged with having fraudulently transferred, conveyed or concealed its property. (*Colton* v. *Bigelow,* 41 N. J. L. 266; *Adler* v. *Turnbull,* 57 N. J. L. 62, 30 Atl. 319; *In re Stafford,* 105 App. Div. 46, 94 N. Y. Supp. 194; *Rodman* v. *Harvey,* 102 N. C. 1, 8 S. E. 888.) The corporation has no property anywhere capable of being taken *in custodia legis.* Courts will never appoint receivers to take possession of property in the possession of third parties, particularly in the absence of any allegation or showing that the transfer is tainted with fraud. As in any other proceeding, sufficient facts must be alleged and established by competent evidence to warrant the court, in the exercise of a sound judicial discretion, to appoint a receiver. The rule is to the effect that either in the pleadings in the original action, or, if the motion for the appointment of a receiver is made on affidavits, then in the affidavits, the allegations must be distinct and precise, general allegations being insufficient. Legal conclusions are insufficient, but the facts must be averred upon which the conclusions are predicated. (*Union Boom Co.* v. *Samish etc.,* 33 Wash. 144, 74 Pac. 53; High on Receivers, secs. 88, 89.)

There is no showing that the receiver is necessary, and this court has held in *Benepe etc. Co.* v. *Scheidegger,* 32 Mont. 424, 80 Pac. 1024, that this element must be made to appear. (*Jacobs* v. *Jacobs Merc. Co.,* 37 Mont. 321, 96 Pac. 723.) There is nothing in the record to show that the receiver can be of any assistance in enforcing the judgment, and courts will not interfere and appoint receivers, unless they can interfere usefully.

'(*Trust & Deposit Co.* v. *Spartanburg, etc.*, 91 Fed. 324.)   Nor should a receiver ever be appointed merely because the measure can do no harm.   (*Orphan Asylum* v. *McCartee*, Hopk. Ch. 429; *Blondheim* v. *Moore*, 11 Md. 365; High on Receivers, 3d ed., sec. 10.)   Plaintiff in no way has established any of these elemental essentials.   The petition alleges that said corporation is insolvent.   Standing by itself, this is a mere conclusion, (*Atlantic etc.* v. *C. E. S. Co.*, 49 N. J. Eq. 402, 23 Atl. 934.) Insolvency is a matter of substance necessary to be sufficiently alleged in the petition itself, and the defective allegation cannot be supplied by any matter set up in exhibits.   (*Mayor etc.* v. *Signoret*, 50 Cal. 298; *McCaughey* v. *Schuette*, 117 Cal. 225, 59 Am. St. Rep. 176, 46 Pac. 666, 48 Pac. 1088; *Lambert* v. *Haskell*, 80 Cal. 613, 22 Pac. 327; *Ward* v. *Clay*, 82 Cal. 505, 23 Pac. 50, 227; *Burkett* v. *Griffith*, 90 Cal. 533, 25 Am. St. Rep. 151, 27 Pac. 527, 13 L. R. A. 707.)   Evidence of insolvency alone is of itself insufficient to justify the action of the lower court.   Besides the solitary fact of insolvency there must be a showing that, as a result, or on account thereof, the rights of the plaintiff are in jeopardy, and unless a receiver is appointed, these rights will be lost or impaired.   (*Falmouth National Bank* v. *Cape Cod etc.*, 166 Mass. 550, 44 N. E. 617; *Doe* v. *Northwestern etc.*, 64 Fed. 928; *Ryder* v. *Bateman*, 93 Fed. 16; *Condon* v. *Mutual Reserve etc.*, 89 Md. 99, 73 Am. St. Rep. 169, 42 Atl. 944, 44 L. R. A. 149; *Gregory* v. *Gregory*, 33 N. Y. Supp. Ct. (1 Jones & S.) 1; *Farmers' Loan etc.* v. *Chicago etc.*, 27 Fed. 146; *Merriam* v. *St. Louis etc.*, 136 Mo. 145. 36 S. W. 630; *Trust & Deposit Co.* v. *Spartanburg etc.*, 91 Fed. 324.)

Where the statute provides that stockholders of a corporation shall be liable individually for its debts to the amount of their unpaid stock, a stockholder whose stock has been fully paid cannot be made liable to an additional amount for the debts of the corporation.   (*Miley* v. *Parker*, 7 Mo. App. 561; *Lewis* v. *St. Charles etc.*, 13 Mo. App. 48; *Toner* v. *Fulkerson*, 125 Ind. 224, 25 N. E. 218; *Coffin* v. *Rich*, 45 Me. 507, 71 Am. Dec. 559.)

If no assessment can be lawfully levied, it will be a useless cere-
mony to appoint a receiver. To constitute a sufficient petition
upon the theory of assessment of stockholders, it is incumbent
that plaintiff allege and prove some facts showing that assessment
of stockholders may be lawfully enforced.) (*Merrill* v. *Timbrel,*
123 Iowa, 375, 98 N. W. 879; *John A. Roebling's Sons Co.* v. *But-
ler,* 112 Cal. 677, 45 Pac. 6.)

The receiver, whether the law of Montana or West Virginia
shall be considered controlling, cannot enforce a stockholder's
liability, though there were some showing that subscriptions
for stock had not been fully paid, for plaintiff has failed to
show that there is any provision of law authorizing the receiver
to enforce the individual liability of any of the stockholders of
the defendant company. (*Minneapolis Baseball Co.* v. *City
Bank,* 66 Minn. 441, 69 N. W. 331, 38 L. R. A. 415; *McLaughlin*
v. *Kimball,* 20 Utah, 254, 77 Am. St. Rep. 908, 58 Pac. 685;
*Fidelity etc.* v. *Mechanics' Savings Bank,* 97 Fed. 297, 38 C. C.
A. 193, 56 L. R. A. 228, 231; *Colton* v. *Mayer,* 90 Md. 711, 78
Am. St. Rep. 456, 45 Atl. 874, 47 L. R. A. 617; *Lang* v. *Lutz,* 180
N. Y. 254, 73 N. E. 24; *Evans* v. *Nellis,* 187 U. S. 271, 23 Sup. Ct.
74, 47 L. Ed. 173; *Hirshfeld* v. *Fitzgerald,* 157 N. Y. 166, 51 N. E.
997, 46 L. R. A. 839; *Hancock* v. *Ellis,* 172 Mass. 39, 70 Am. St.
Rep. 232, 51 N. E. 207, 42 L. R. A. 396; *Jacobson* v. *Allen,* 12 Fed.
454, 20 Blatchf. 525; *Wigton* v. *Bosler,* 102 Fed. 70; *Farns-
worth* v. *Wood,* 91 N. Y. 308; *Runner* v. *Dwiggins,* 147 Ind. 238,
46 N. E. 580, 36 L. R. A. 645.)

The receiver is without extraterritorial jurisdiction to pro-
ceed in the state of Pennsylvania against the corporation, its
stockholders or directors, and hence it clearly appears that the
petition does not state facts sufficient to constitute a cause of
action or ground for the appointment of the receiver. (2 Bates
on Equity Jurisdiction, sec. 610; *Booth* v. *Clark,* 17 How. (U. S.)
322, 15 L. Ed. 164; High on Receivers, sec. 239; Beach on Re-
ceivers, sec. 683; *Harvey* v. *Varney,* 104 Mass. 436; *Ward* v.
*Pacific Mutual etc.,* 135 Cal. 235, 67 Pac. 124.)

In behalf of Respondent, there was a brief by *Messrs. Maury & Templeman,* and *Messrs. Breen & Jones.* Oral argument by *Mr. H. L. Maury.*

MR. JUSTICE SMITH delivered the opinion of the court.

On the thirtieth day of October, 1909, the above-named plaintiff obtained a judgment against the defendant corporation in the district court of Silver Bow county for the sum of $18,000. On or about the fourteenth day of February, 1910, the following petition was filed in the cause:

"Comes now the plaintiff herein and most respectfully petitions the honorable court for the appointment of a receiver of the Pittsburg & Montana Copper Company, a corporation, and alleges as such ground for such appointment the following, to-wit:

"(1) That said Pittsburg & Montana Copper Company, a corporation, now is and was at all the times hereinafter set out a corporation existing and organized under and by virtue of the laws of the state of West Virginia, and doing business in Silver Bow county, state of Montana. That a copy of the annual statements of the said corporation, showing the assets and liabilities, are hereto attached, marked Exhibits A and B, and made a part of this petition. That the assets of the corporation *is* $30,281,238.38, but that the said assets are now in the hands of stockholders and not subject to the execution in the above-entitled action, and can only be enforced in a court of equity; and that it is necessary to appoint a receiver for the purpose of enforcing the judgment and carrying said judgment into effect in the case of *Alfred Forsell* v. *Pittsburg & Montana Copper Company.*

"(2) That this plaintiff, on or about the thirtieth day of October, A. D. 1909, obtained a judgment in the above-entitled court in the amount of $18,000; a copy of said judgment is hereto attached, marked Exhibit C, and made a part of this petition. That the said judgment was duly given and made, and has not been satisfied either wholly or in part.

"(3) That an execution has been placed in the hands of the sheriff of Silver Bow county and returned unsatisfied; and that said corporation is insolvent.

"(4) That the said defendant corporation has a capital stock of $30,000,000, which the said corporation refuses to apply to the judgment aforesaid; and it is necessary that this honorable court appoint a receiver to compel the said corporation to assess its stockholders, if need be, to pay the said judgment and take such steps as may be necessary to enforce the corporate liability.

"(5) That the principal place of business of the said Pittsburg & Montana Copper Company was, up till about the middle of the year 1909, in Silver Bow county, Mont., but that said Pittsburg & Montana Copper Company has ceased to be a going concern and does no more business anywhere in Silver Bow county, Mont.

"(6) That the purpose of the appointment of a receiver is to enforce the judgment in the above-entitled action and carry the judgment into effect; and that the directors and stockholders are residents of the city of Pittsburg, in the state of Pennsylvania, and can only be subjected to the jurisdiction of a court in the said state of Pennsylvania.

"Wherefore, plaintiff prays judgment that a receiver be appointed in the above-entitled court and cause, with full authority of the said receiver to prosecute such actions. as he may see fit in the state of Pennsylvania to subject the stockholders and directors to the liability in such cases made and provided, and for such general relief as may be proper in the premises."

"EXHIBIT A.

"Annual Statement of the Pittsburg & Montana Copper Company.

"In pursuance of the provisions of section 3850 of the Revised Codes of Montana as amended by Act of 1909, the Pittsburg & Montana Copper Company, a corporation, organized and existing under and by virtue of the laws of the state of West Vir-

ginia, does make, publish and file the following annual report of the affairs of said corporation:

"(1) That the amount of the capital stock of said corporation is the sum of $30,000,000 divided into 300,000 shares of the par value of $100 per share.

"(2) That the amount of the capital stock actually paid in money was $380,000.

"(3) That the amount of capital stock paid in any other way than money was $29,620,000, which stock was paid in in property, *viz.:* Certain mining properties and surface lands situate in the counties of Silver Bow, Jefferson and Lewis & Clark, state of Montana, together with the buildings, machinery and other improvements therein and thereon; and also certain letters patent of the United States and foreign countries.

"(4)    *    *    *    *    *    *    *    *

"(5) Said company has no assets, all of its property, real, personal and mixed, having been sold on August 24, 1909, at judicial sale under foreclosure of the mortgage given by said company to the Union Trust Company of Pittsburg, as trustee, to secure an issue of $3,000,000 of the first mortgage six per cent convertible gold bonds.

"(6) The liabilities of said corporation amount to $3,774,-860.43."

"Exhibit B.

"Annual statement of the Pittsburg & Montana Copper Company, a corporation organized and existing under the laws of the state of West Virginia, and. doing business in the state of Montana, made pursuant to the laws of the state of Montana.

"The Pittsburg & Montana Copper Company, a corporation organized and existing under and by virtue of and in compliance with the laws of the state of West Virginia, makes this, its annual report, pursuant to the laws of the state of Montana, and certifies as follows, to-wit:

"(1)    *    *    *    *    *    *    *    *

"(2) That the amount of the capital stock of the said corporation is the sum of $3,000,000, divided into 300,000 shares of the par value of $100 per share.

" (3) That the amount of the capital stock actually paid in money is $380,000.

" (4) That the amount of the capital stock paid in in property is the sum of $29,620,000, and the said property consists in the following: Certain mining properties and surface land situate in the counties of Silver Bow, Jefferson and Lewis & Clark, state of Montana, together with the buildings, machinery and other improvements therein and thereon; also certain letters patent of the United States and foreign countries.

" (5) (a) The amount of the assets of the said corporation is $33,966,595.66.

" (b) That the assets of said corporation consist of the lands, mines and surface improvements, and the letters patent above enumerated, supplies for the maintenance and operation of said mine properties, office furniture and accounts receivable.

" (c) That the actual cash value of said assets is $5,367,000, as nearly as can be estimated.

" (6) The liabilities of such corporation amount to $3,635,-055.82, of which $2,166,000 is secured by the first mortgage upon the real and personal property of the said corporation."

The defendant answered substantially as follows: (1) That on June 1, 1906, it executed and delivered to a trustee a mortgage on all of its property, to secure a bond issue of $2,216,000; that default was made in the payment of interest, thus causing the entire issue of bonds to become due and payable; that an action was begun in the court of common pleas of Allegheny county, Pennsylvania, to foreclose the mortgage; that proceedings were had resulting in the appointment of a receiver, and an order of sale of all of defendant's property, to satisfy the mortgage, was made. (2) That on July 9, 1909, the United States circuit court for the district of Montana appointed an ancillary receiver to take charge of all the property situated in Montana. (3) That the trustee named in the mortgage, under a power contained therein, sold all of the property of the defendant at public sale and delivered to the purchaser all necessary deeds, bills of sale, and other conveyances, to evidence the transfer. That thereupon the two receivers were ordered to, and

did, turn over and deliver to the purchaser all of the property so sold, being all of the assets of the company of every kind and nature. That after the sale the liabilities of the company amounted to, and still amount to, $3,774,860.43, and the corporation has no property of any kind with which to pay the same. That every stockholder has fully paid for all stock purchased or held by him; no stockholder is indebted to the company for any stock purchased; that under the laws of West Virginia a stockholder who has fully paid for his stock is not liable for the debts of the corporation; and that there are no assets of the defendant within the jurisdiction of the courts of this state.

A trial was had, and as result thereof the following order was made: "It appears that the said corporation was and is insolvent. It was admitted on the trial that the said corporation has a capital stock of thirty million ($30,000,000) dollars, and that the stockholders of said corporation are nonresidents of the state of Montana.

"It is now ordered, adjudged, and decreed that a receiver be appointed as prayed for in the petition of Alfred Forsell, and that said receiver has the power, as specified in section 6703 of the Revised Codes of Montana, as follows, to-wit: The said receiver, under the control of the court, has power to bring and defend actions in his own name as receiver, to take and keep possession of the property of the said defendant corporation, to receive rents, to collect debts, to compound for and compromise the same, to make transfers, and generally to do such acts respecting the property as the court may authorize. The said receiver has also, by virtue hereof, such power as may enable him to institute actions in foreign states and apply for the appointment of an ancillary receiver or receivers to carry the said judgment into effect, if such should seem to the said receiver necessary.

"It is further ordered, adjudged, and decreed, that L. P. Donovan be appointed receiver, and the said L. P. Donovan is hereby appointed receiver and his power or office to commence on the execution of a bond in the sum of one thousand dollars and on

taking oath of office. Said bond to be increased by this court as may be necessary and proper.''

Defendant has appealed from four different orders of the court, but all of the appeals raise the question whether, under the circumstances, a receiver should have been appointed. One assignment of error is that the petition does not state facts sufficient to constitute a cause of action or to warrant the appointment of a receiver. We have set forth the substance of the answer to the end that any allegations therein which tend to supply defects in the petition may also be considered.

The phraseology of the order appointing the receiver seems to indicate that the court's reasons for the appointment were that the defendant is insolvent and has a capital of $30,000,000, together with the fact that the stockholders are nonresidents of Montana. It may be admitted that the corporation is insolvent. That fact alone will not justify the appointment of a receiver. (High on Receivers, 4th ed., sec. 18.) The corporation has a capital stock of $30,000,000, but the stockholders are not personally liable on that account alone, and we find nothing in the petition to warrant the conclusion that they have become liable through failure to comply with the law or to pay for subscribed stock. Even in case the stockholders have become personally liable, the plaintiff is in as favorable a situation to enforce a liability as would be a receiver. In *Gans* v. *Switzer,* 9 Mont. 408, 24 Pac. 18, the statutory liability of the trustees of an insolvent corporation, incurred by reason of failure to file an annual statement, was enforced in an action by the creditor without the intervention of a receiver. In *Kelly* v. *Clark,* 21 Mont. 291, 69 Am. St. Rep. 668, 53 Pac. 959, 42 L. R. A. 621, a judgment creditor was allowed to enforce, personally, the liability of a stockholder of an insolvent corporation for the amount of unpaid stock held by him. (See, also, *King* v. *Pony Gold Mining Co.,* 28 Mont. 74, 72 Pac. 309.) If the principle involved in these cases cannot be applied in the courts of Pennsylvania, that fact should have been pleaded. (*Maloney* v. *Winston Bros. Co.,* 18 Idaho, 740, 111 Pac. 1080.)

The petition alleges in effect that all of the defendant's property is now in the hands of nonresidents of this state, who cannot be subjected to the jurisdiction of our courts. But plaintiff may go into the courts of a sister state without question as to his right to sue, whereas a receiver appointed in this state might meet with considerable opposition in so doing.

The wording of the petition also seems to indicate that a receiver is required to enforce the judgment and carry it into effect. No reason is alleged why the plaintiff himself cannot enforce the judgment, if it be enforceable. He has already had execution issued and returned unsatisfied. What additional steps can a receiver take that may not be taken by the plaintiff himself? (See *Dollard* v. *Taylor*, 33 N. Y. Super. Ct. (1 Jones & S.) 496.)

It is suggested that the sale of Montana assets by order of a Pennsylvania court was void. Even so, the plaintiff can pursue the property equally as well as could the receiver, for aught that is shown by the petition. Mr. High says: "Courts of equity are always averse to any interference with the legal title *in limine*, and when a creditor's judgment is not of itself a lien upon lands which have been conveyed by the debtor to third parties, and the only equity of the judgment creditor is a right to resort to the lands by setting aside the conveyance from the debtor, the party in possession under what purports to be the legal title will not be deprived of his possession by the appointment of a receiver, unless upon a strong case of danger to the property and inability to respond to a decree because of insolvency." (High on Receivers, 4th ed., sec. 416.) There is no showing in the petition that the property is in danger of being wasted or destroyed, or that the purchaser is insolvent.

Section 6698, Revised Codes, provides that a receiver may be appointed, after judgment, to carry the judgment into effect. This does not mean that when a money judgment has been recovered in a simple action at law, a receiver may be appointed to take those steps toward its satisfaction that the plaintiff himself can take. (*Kreling* v. *Kreling*, 118 Cal. 421, 50 Pac. 549.)

The section last referred to also provides that a receiver may be appointed in proceedings in aid of execution, when an execution has been returned unsatisfied. No proceedings in aid of execution have been had in this case, and no property has been uncovered or discovered of which the receiver can take possession, so far as the pleadings show.

We are of opinion that a receiver should not have been appointed in this case, and the orders appealed from are reversed.

*Reversed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY concur.