HARTNETT ET AL., APPELLANTS, v. ST. LOUIS M. & M. CO.
OF MONTANA ET AL., RESPONDENTS.

(No. 3,741.)

(Submitted November 2, 1915.  Decided November 18, 1915.)

[153 Pac. 437.]

*Corporations — Receivership — Complaint — Evidence—Insufficiency—Necessity for Appointment—Discretion.*

Receivership—"Action Pending"—Complaint—Sufficiency.
1. The action which, under section 6698, Revised Codes, is required to be pending before ancillary relief by way of receivership may be granted, must be one for relief that could be litigated even though the application for the appointment of a receiver be denied, and presupposes a sufficient complaint.

[As to when it is proper to have a receiver appointed, see note in 72 Am. St. Rep. 285.]

Same—When Appointment Improper.
2. To warrant the appointment of a receiver, the primary relief sought in the action pending must be such as will be aided by his appointment; if the object of the suit can as well be attained without a receiver as with one, none should be appointed.

Same.
3. Where the main object of a suit by shareholders in a corporation who had paid an assessment on stock owned by them was to enforce collection from those who had failed to pay, ancillary relief by the appointment of a receiver was properly denied, since the plaintiffs could themselves, without the intervention of a receiver, maintain suit to compel payment.

[As to suit in equity by receiver, assignee or trustee to enforce liability on unpaid subscriptions of stock, see note in 46 L. R. A. (n. s.) 452.]

Same—Scope of Hearing—When Denial of Motion Proper.
4. The scope of a hearing, after notice looking to the appointment of a receiver, is measured by the right of the resisting party, who may, upon affidavits before answer, or upon oral evidence after answer, show if he can that the essential equities of the complaint are with him, in which case a denial of the application will be proper.

Same—Discretion.
5. Receivership is never a matter of course, but rests in every instance upon the sound discretion of the court cautiously exercised.

Same—Complaint—Evidence—Insufficiency.
6. Where the complaint, in an action by stockholders to compel the directors of the corporation to collect an assessment levied on its stock, did not disclose any necessity for the appointment of a receiver, and the plaintiffs, upon hearing of their motion, failed to satisfy the court that the equities were with them, the refusal of the appointment was not a clear abuse of the court's discretion, justifying a reversal of its order.

*Appeal from District Court, Lewis and Clark County; J. Miller Smith, Judge.*

SUIT by George W. Hartnett and others against the St. Louis Mining & Milling Company of Montana and others. From an order refusing to appoint a receiver, plaintiffs appeal. Affirmed.

*Mr. H. G. McIntire,* for Appellants, submitted a brief and argued the cause orally.

Stockholders in a corporation have the right to insist that all stockholders be treated alike. A gross wrong is perpetrated when special favors are shown to some, especially so when they are directors, and discrimination is had against others, and this wrong is one against the corporation, whose property constitutes a fund, first, for the payment of its creditors, and, second, for the benefit of all its stockholders. An action brought to right such wrong is one "directly for the benefit of the corporation, and the final relief when obtained belongs to the corporation, and not to the stockholder plaintiff." This quotation is made and is cited with approval in *Forrester* v. *Boston & M. Consol. etc. Min. Co.,* 29 Mont. 397, 74 Pac. 1088, 76 Pac. 211, and, as is said in that case, "the purpose of the action, then, is to recover back the trust fund, or all the property of the corporation which is about to be dissipated." (See, also, 2 Cook on Corporations (5th ed.), sec. 701; *McConnell* v. *Combination Min. & M. Co.,* 30 Mont. 239, 104 Am. St. Rep. 703, 76 Pac. 194.) Again, the directors of a corporation are voluntary trustees within the terms of the Revised Codes, sections 5365, 5368, and cannot use their position for their personal profit; to do so constitutes fraud. (*Gerry* v. *Bismarck Bank,* 19 Mont. 191, 47 Pac. 810; *McConnell* v. *Combination Min. & M. Co.,* 31 Mont. 563, 79 Pac. 248.) They cannot retain for themselves, or for the corporation they represent, what has been paid in by some stockholders, and refrain from collecting, or at least attempting to collect, from delinquent stockholders. There must be

uniformity among all. (*Turner* v. *Fidelity Loan Concern,* 2 Cal. App. 122, 83 Pac. 62, 70.)

A receiver should be appointed on the showing here made; under subdivisions 5 and 6, section 6698. (High on Receivers (4th ed.), secs. 292, 295b.) The language of this court in *State* v. *Second Judicial Dist. Court,* 15 Mont. 324, 48 Am. St. Rep. 682, 27 L. R. A. 392, 39 Pac. 316, is peculiarly applicable, as is also the reasoning of this court in *McConnell* v. *Combination Min. & M. Co.,* 30 Mont. 239, 104 Am. St. Rep. 703, 76 Pac. 194, and 31 Mont. 563, 79 Pac. 248. (See, also, footnote to 17 Ann. Cas. 917, 918.) The appellants must have some rights in the present controversy. Either they are entitled to have the assessment referred to enforced against all the stockholders, or they should be refunded the assessments paid by them, and the prayer for general relief is sufficient to authorize action by the court. In *McConnell* v. *Combination Min. & M. Co.,* 30 Mont. 239, 104 Am. St. Rep. 703, 76 Pac. 194, it is well said: "A court of equity having obtained jurisdiction for one purpose, may retain that jurisdiction for all purposes of the action necessary to the complete protection of plaintiffs' rights. (Eaton on Equity, 39; 2 Pomeroy, Eq. Juris., par. 181; *Ober* v. *Gallagher,* 93 U. S. 199, 23 L. Ed. 829; *Montana Ore Purchasing Co.* v. *Boston & Mont. Consol. C. & S. Min. Co.,* 27 Mont. 288, 70 Pac. 1114.)" It is apparent that the mere refund of the assessments paid by them would not entirely reimburse the appellants, for if the company's property sold at the sheriff's sale passes by deed to the purchaser, their original outlay for their stockholdings would become nugatory, stock in a corporation without assets being, to use the apt language of Uncle Remus, "the dream of a dram."

*Messrs. Gunn, Rasch & Hall,* for Respondents, submitted a brief; *Mr. M. S. Gunn* argued the cause orally.

The appointment of a receiver is improper unless the complaint states a cause of action. Section 6698 of the Revised

Codes provides: "A receiver may be appointed by the court in which an action is pending, or by a judge thereof," The word "action" means an action for some relief other than the mere appointment of a receiver. (*State* v. *District Court*, 50 Mont. 259, 146 Pac. 539; *Mann* v. *German-American Inv. Co.*, 70 Neb. 454, 97 N. W. 600; *Vila* v. *Grand Island Electric etc. Co.*, 68 Neb. 222, 110 Am. St. Rep. 400, 4 Ann. Cas. 59, 63 L. R. A. 791, 94 N. W. 136, 97 N. W. 613; *Stockholders* v. *Jefferson County Agr. Assn.*, 155 Iowa, 634, 136 N. W. 672.)

That the appointment of a receiver is unwarranted, except as ancillary to other relief, see the following authorities: *Murray* v. *Superior Court*, 129 Cal. 628, 62 Pac. 191; *Zuber* v. *Micmac Gold Min. Co.*, 180 Fed. 625; *Mabon* v. *Ongley Electric Co.*, 156 N. Y. 196, 50 N. E. 805; *Slover* v. *Coal Creek Coal Co.*, 113 Tenn. 421, 106 Am. St. Rep. 851, 68 L. R. A. 852, 82 S. W. 1131; *Hermann* v. *Thomas* (Tex. Civ.), 143 S. W. 195.

The allegations of the complaint are insufficient to warrant the appointment of a receiver. An analysis of the complaint discloses that the only reason assigned for the appointment is that the directors and officers of the company have failed, neglected and refused to collect the assessment. It is sought to obtain the appointment of a receiver who may enforce collection.

The appellants as stockholders can institute actions in behalf of the corporation to enforce payment of the assessments the same as a receiver could. (*McConnell* v. *Combination Min. & M. Co.*, 30 Mont. 239, 104 Am. St. Rep. 703, 76 Pac. 194.) In the case of *Forsell* v. *Pittsburg & Mont. C. Co.*, 42 Mont. 412, 113 Pac. 479, a judgment creditor sought to obtain the appointment of a receiver to enforce a liability against the stockholders for the payment of the judgment. This court in the opinion said: "Even in case the stockholders have become personally liable, the plaintiff is in as favorable a situation to enforce a liability as would be a receiver."

Again, if there is a duty upon the board of directors to commence actions to recover the assessments, this duty can be en

forced by *mandamus.* (Sec. 7214, Rev. Codes.) Section 6698, Revised Codes, provides that a receiver may be appointed "in cases where a corporation has been dissolved or is insolvent, or in imminent danger of insolvency, or has forfeited its corporate rights." This court has decided that insolvency of a corporation will not justify the appointment of a receiver. (*Berryman* v. *Bilings etc. Heating Co.,* 44 Mont. 517, 121 Pac. 280; *Forsell* v. *Pittsburg & Mont. C. Co.,* 42 Mont. 412, 113 Pac. 479; *Murray* v. *Superior Court,* 129 Cal. 628, 62 Pac. 191.) As to the showing necessary to warrant a court in appointing a receiver for a corporation, see *Jacobs* v. *Jacobs Mercantile Co.,* 37 Mont. 321, 96 Pac. 723; *Clark* v. *National Linseed Oil Co.,* 105 Fed. 787, 45 C. C. A. 53; *Neale* v. *Hill,* 16 Cal. 145, 76 Am. Dec. 508; High on Receivers (4th ed.), 353.)

MR. JUSTICE SANNER delivered the opinion of the court.

Appeal by plaintiffs from an order, made after notice and hearing, refusing to appoint a receiver, which order the respondents defend upon the grounds: (1) That the complaint does not state any cause of action; (2) that, if the complaint states a cause of action, its allegations do not warrant a receivership; and (3) that the facts disclosed upon the hearing, under the issues joined and tendered by the answer, show no basis for such relief.

The material allegations of the complaint are to the following effect: The defendant St. Louis Mining & Milling Company is a corporation under the laws of Montana, with a capital stock of 500,000 shares, all issued and assessable, of which the plaintiffs are holders of 47,000 shares. It is indebted to various persons in amount aggregating many thousands of dollars, some of which debts have been merged in judgment; but it possesses very valuable property, from the proper management of which profits can be made sufficient to meet all running expenses and to pay all its debts. Its board of directors consists of nine persons, among them the individual defendants, who hold more than 200,000 shares, who constitute the majority of said board,

controlling its actions and dominating the affairs of the company. On August 7, 1913, by resolution of the board of directors then in office, an assessment of fifteen cents per share was ordered for the purpose of raising funds to pay its accrued obligations and necessary expenses, estimated in all at $70,000, and thereafter such assessment was paid by some of the stockholders, including all the plaintiffs; but others of the stockholders, including all of the individual defendants, have failed and refused to make such payment. Instead, the defendants allowed all the property of the company to be sold on January 7, 1915, upon an execution in favor of one of the judgment creditors, for $6,107.30, and other creditors whose claims are merged in judgment have sold and will sell said property at sheriff's sale in satisfaction of their judgments. Other than the assessment referred to, the company has no resources from which to pay its obligations or redeem its property from the sales made and threatened; but if there is no redemption from the sales, and particularly from the sale made on January 7, 1915, within one year thereafter, the whole of said property will be lost to the company and the stock of the plaintiffs become valueless. Recognizing these conditions, seventeen of the plaintiffs, owning 28,144 shares of stock in the company, served, on February 10, 1915, a written demand upon the defendant directors to call a special meeting of the board for the purpose of taking steps to collect the assessment levied on August 7, 1913, and to provide thereby for the payment of the lien claims against the company; but said directors have entirely ignored such demand, have since willfully refused to make such collection, and have prevented the corporation from so doing. In addition to the appointment of a receiver, "for the purpose of preserving the assets of said company, enforcing the collection and payment of the said assessment, discharging the outstanding obligations of the company, and redeeming its property from the sheriff's sales of the same," the prayer of the complaint is that the defendants "be enjoined from disposing of the property

of the company, or removing any of its records, books and papers," and for such other relief as may be equitable.

1. It is conceded on all sides, as it must be, that there is no [1] such thing in this state as an action for the appointment of a receiver. Receivership is a provisional remedy of ancillary character, allowable only in an action pending for some other purpose. (Rev. Codes, sec. 6698; *State ex rel. First Trust & S. Bank* v. *District Court,* 50 Mont. 259, 146 Pac. 539; *Lyon* v. *United States Fidelity & G. Co.,* 48 Mont. 591, Ann. Cas. 1915D, 1036, 140 Pac. 86.) The "action pending" must be one for relief "that could be litigated between the parties even if the application for the appointment be denied," and presupposes a complaint sufficient to warrant such relief. (*Mann* v. *German-American Inv. Co.,* 70 Neb. 454, 97 N. W. 600.) Whether the complaint at bar is sufficient to warrant any primary relief is rendered doubtful by the difficulty in stating the particular kind of decree or judgment, other than receivership, sought to be entered responsive to its averments. In this we are unaided by the prayer; for the only relief, besides receivership, specifically demanded, is that the individual defendants be enjoined from disposing of the company's property, or removing its records, and this is not supported by any allegation. Realizing, however, that it is the facts alleged, and not the prayer, which must determine the relief which may be granted, we turn to the suggestions of plaintiffs' counsel that the right to collect the delinquent assessment is a chose in action, property in the nature of bills receivable, and "constitutes assets of the company for which it could maintain actions"; that the defendant directors are trustees for the company, and the assessments due from them are trust funds in their possession which they have refused to pay over to the company, the *cestui que trust,* but which they "have in a sense converted to their own use"; that, as the company, the *cestui que trust,* "may have its action against its delinquent trustees," as they cannot sue themselves, and as the legal control of the company is in their

hands, such action is maintainable in its behalf by the plaintiffs as stockholders; that it is within the power of a court of equity to remove a trustee who has violated his trust, and, since a trust is not allowed to fail for want of a trustee, to substitute another person to preserve the trust property; that, "the present action being one for and on behalf of the *cestui que trust* against its trustees, it manifestly appears that it is not one for the sole purpose of having a receiver appointed, but the receivership asked for is solely ancillary to the maintenance of the suit in question, and incidentally, too, a correction of the breach of trust on the part of the respondent trustees in failing to perform the plain duty incumbent on them to collect, sue for, and obtain the assessment delinquent from other stockholders than themselves." While this is somewhat elusive, we shall conclude, for the present at least, that the allegations of the complaint are sufficient to withstand the charge that no primary relief can be justified by them. .

2. It is also elementary, however, that the primary relief [2] sought must be such as will be aided by the appointment of a receiver. If the object of the suit can as well be attained without a receiver as with one, none should be appointed. (*Forsell* v. *Pittsburg & Mont. C. Co.*, 42 Mont. 412, 113 Pac. 479.) A further analysis of the suggestions above set forth is therefore required, with a view to ascertaining whether, under any of them, a receiver would be justified. The first impression [3] conveyed is that the suit is brought to collect the delinquent assessment; but the impossibility of this is at once apparent, because there are no allegations in the complaint showing how much stock is owned by each of the defendants, because their liability, if any, is strictly several, and the joinder of them in one suit is out of the question, and because the collection of the assessment is one of the things the receiver himself is to do after his appointment. Nor could a receiver be appointed to aid in any such purpose, for by the very hypothesis involved suits may be maintained by the stockholders themselves to collect the assessment (*McConnell* v. *Combination Min. & M. Co.*, 30

Mont. 239, 104 Am. St. Rep. 703, 76 Pac. 194), and a receiver
for that purpose is unnecessary.   The same considerations apply
to the view that the delinquent assessment constitutes trust funds
which the defendants have converted to their own use.   While
we are not convinced that unpaid obligations can be so regarded
merely because they are due from directors, it suffices to say
that the plaintiff stockholders may themselves do all that a re-
ceiver could do toward the restoration of these funds.   The last
suggestion, that a court of equity may remove a trustee who has
violated his trust, and, in order that the trust may not fail for
want of a trustee, may substitute another person to preserve
the trust property, is, as an abstract proposition, indubitable.
But, as applied to this case, to what does it lead?   Again, as-
suming, without deciding, that the unjustified failure of the
defendants to pay or collect the assessment constitutes a breach
of trust sufficient to warrant their removal from office, still to
suspend them from their functions before their guilt has been
judicially determined, and to put the control of the company
into the hands of a stranger, requires a real necessity.   Whether
any such necessity appears depends to some extent upon what
a receiver could do that the defendants have neglected or will
neglect, and the plaintiffs cannot do.   In the prayer to the com-
plaint the purposes for the receiver are stated.   They are: To
preserve the assets of the company, to collect the delinquent
assessment, to pay the company's debts, and to redeem its prop-
erty from the sheriff's sales.   The assets of the company which
are to be thus preserved are its mines, its mills and the delin-
quent assessment.   So far as the complaint discloses, the defend-
ants may be as anxious to see the debts paid and the property
cleared as are the plaintiffs, differing from them only in the
method by which these things may be accomplished.   There is
not the slightest intimation that the mines and mills are not
being or will not be adequately preserved by the defendants,
save as the loss thereof may be involved in the continued failure
to collect the assessment.   Neither is it charged that the de-
fendants are indifferent to the obligations of the company, to

the possible effects of the sheriff's sales, or to the ultimate fate of the company's property, save as such indifference may be assumed from their failure to collect the assessment. And the only way in which it is claimed that the receiver could pay the debts or redeem the property from the sheriff's sales is to collect the assessment. So that, after all is said, the whole matter comes back to the collection of the assessment, which, as we have above remarked, may be accomplished, if at all, by the plaintiffs themselves.

3. Leaving the complaint, we note that the defendants answered, denying the neglect of duty imputed to them, and pleading, among other things, that they have endeavored in every reasonable way, and are still endeavoring and expecting, to raise funds with which to pay off the indebtedness of the company and protect the stockholders therein. The evidence taken at the hearing authorizes the view that the defendants, as directors, waived the right to sell the stock in payment of the assessment, reserving the right to enforce collection otherwise; that they were actuated in this course by the belief that financial and other conditions rendered the success of such a sale unlikely; that they have not paid nor attempted to enforce the collection of said assessment, because advised by competent counsel that the same is illegal and void; that they are anxious to secure funds with which to pay the obligations of the company, to redeem its property, and to restore it to activity as a profit-earning concern, and are convinced that they can more readily and promptly do so by means of bonds, with or without mortgage, as may be authorized by the stockholders; and that there was and is some justification for these opinions. This being true, it was entirely reasonable for the court to conclude that the equities of the complaint had been so met, for the time being, at least, that the propriety of the appointment was not established. It is no answer to this to say that the merits of the main case were not [4] involved; for the scope of a hearing of this kind after notice is measured by the right of the resisting party, and he may, upon affidavits before answer, or upon oral evidence under

the answer, if answer has been made, show that the essential equities of the complaint are in dispute (*Lyon* v. *United States F. & G. Co., supra*); and while his success or failure in no wise concludes the parties upon the merits of the main action, his success will authorize a denial of the application, because a [5] receivership is never a matter of course, but rests in every instance upon the sound discretion of the court cautiously exercised. (*Brown* v. *Erb-Harper-Rigney Co.*, 48 Mont. 17, 133 Pac. 691; *Hickey* v. *Parrot S. & C. Co.*, 25 Mont. 164, 64 Pac. 330.)

On appeal from such an order, the question before us is not whether we agree in all respects with the views of the trial court, but whether a clear abuse of discretion is shown. Certainly, a [6] clear abuse of discretion does not appear when the complaint does not disclose the necessity for the appointment, or when the applicant has failed upon the hearing to satisfy the court that the equities are with him.

The order appealed from is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY concur.

